IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN FOWLER,

    Petitioner,               No. CIV-S-10-2210 KJM CKD P

    vs.

JAMES WALKER,

    Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. His first amended petition states two grounds of habeas relief: (1) his state court convictions were obtained by use of an unconstitutional search and seizure, and (2) he received ineffective assistance of counsel. See First Am. Pet. at 4.[1] Respondent has filed a motion to dismiss, arguing that the petition is untimely. Petitioner has filed an opposition.

        In April 1988, petitioner was sentenced to an indeterminate term of twenty-five years to life for murder, residential robbery and residential burglary. His judgments of conviction became final after he did not seek review of the California Court of Appeal's decision to affirm

---

[1] The court references the page numbers assigned by the court's CM/ECF system, where applicable.

his convictions on November 9, 1989. See Motion, Exhibit A.[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the final judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). For state prisoners, like this one, whose convictions became final prior to AEDPA's enactment, the one-year statute of limitations began to run on April 25, 1996, the day after AEDPA became law. See Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002). Therefore, unless he can show he is entitled to tolling of the limitations period, petitioner had until April 24, 1997, in which to file a timely petition under AEDPA. Id.

Respondent argues that the petition is untimely because petitioner did not seek collateral review from any court until he filed a petition for writ of habeas corpus with the California Court of Appeal, First Appellate District, on September 28, 2009. See Exhibit C. That petition was denied on October 1, 2009. Id. Petitioner's subsequent attempt at collateral review in the California Supreme Court was denied on June 9, 2010. See Exhibit D. Petitioner filed this action on August 9, 2010.

Petitioner appears to argue that the one-year statute of limitations should be tolled because he has never received a copy of his trial transcript from his attorney. See Motion for

\\\\\

\\\\\

---

[2] The copy of the appellate court's opinion that respondent has attached to the motion to dismiss is not dated or signed, but it does bear a partially legible file stamp showing the year 1989. See Motion, Exhibit A. The court accepts respondent's representation that the precise date of the opinion is November 9, 1989, even though respondent has not provided clear evidence to show it. See Motion at 2. Since neither the motion to dismiss nor the petition indicates that petitioner filed a direct appeal of his convictions with the California Supreme Court, the court infers that he did not seek one and that his conviction therefore became final after the time to file an appeal with the state supreme court expired. It appears petitioner filed a petition for habeas corpus with the California Supreme Court, but that petition was denied in 1992. See Motion, Exhibit B.

Order Granting Writ of Habeas Corpus at 13 (Docket No. 29).[3]  He seems to suggest that before he can respond to respondent's assertion that his petition is untimely under § 2244(d), he must first exhaust his state court remedies, which he cannot do without the aid of the trial transcript. Id.  This explanation is not a valid basis on which the court could toll the running of the statute of limitations.  It does not in any way address the many years that passed without petitioner attempting to protect his ability to file a timely petition under § 2244(d), nor can the court find any other basis for applying an exception to AEDPA's one-year time limitation.

It is clear that this petition was filed over thirteen years too late.  The motion to dismiss should be granted.

IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss (Docket No. 16) be granted.

2.  Petitioner's motion for an order granting petition for writ of habeas corpus (Docket No. 29), construed in part by the court as a motion for an injunctive order, be denied for lack of jurisdiction.

3.  Petitioner's application for a writ of habeas corpus be denied and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

---

[3] Plaintiff's "motion for an order granting him a writ of habeas corpus" is substantially similar, if not identical, to his opposition to the motion to dismiss.  The court therefore construes it in part as a supplement to his opposition.  To the extent the motion seeks an order from the court requiring an unnamed party to provide him a copy of his state court trial transcript, the court construes it in part as a motion for an injunctive order that is outside the court's jurisdiction.  It should therefore be denied.

3

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 Dated: January 12, 2012

```
                                    _____
                                    CAROLYN K. DELANEY
                                    UNITED STATES MAGISTRATE JUDGE
```

3
fowl2210.157